SALANT & SALANT, INC., Appellant, v. RALPH HUNTER and Others, Respondents, Impleaded with STANLEY A. SWEET and Others, Defendants.

First Department, June 23, 1936.

*Louis Salant* of counsel [*Joseph J. Cunningham* with him on the brief; *Stein & Salant*, attorneys], for the appellant.

*Jacob H. Steinberg* of counsel [*Erwin Feldman* with him on the brief], for the respondents.

GLENNON, J. Plaintiff, which was engaged in the business of manufacturing work shirts, commenced this action against the defendants as the members of the Cotton Garment Code Authority, which functioned under the Cotton Garment Code of the National Industrial Recovery Act (June 16, 1933, chap. 90, 48 U. S. Stat. at Large, 195), for illegal and excessive charges exacted by the authority for labels which, under the code, plaintiff was bound to buy and to attach to the shirts manufactured by it.

By virtue of the Code of Fair Competition for the Cotton Garment Industry there was conferred upon the authority the exclusive right to issue and furnish labels for an amount necessary to cover the cost of the labels, including printing and distribution, and the reasonable cost of the administration and supervision of the use of the labels.

The complaint avers that the authority charged plaintiff one-dollar and fifty cents per thousand for N. R. A. labels when under the above provision the actual cost to them was only forty cents per thousand. The complaint then alleges:

" 10. Upon information and belief, the said charge of $1.50 per thousand was fixed and maintained by defendants at all the times hereinbefore mentioned although defendants well knew at all of said times that the cost to defendants of the said labels, including printing and distribution and the reasonable cost of the administration and supervision of the use of the same, would not and did not exceed 40c per thousand, or the total sum of $1,381.60 for the said labels."

The court at Special Term held that this allegation is a conclusion of law and not a statement of an ultimate fact. In our opinion the allegation is one of fact and charges the members of the Code Authority with misfeasance in the performance of their duties as governed by the code. If defendants desire any further clarification or amplification of this ultimate fact, a bill of particulars is the proper remedy.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to the defendants-respondents to answer within ten days from service of order upon payment of said costs.

MARTIN, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendants-respondents to answer within ten days after service of order upon payment of said costs.